# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:09-CV-212

PATRICIA FUQUA                                                                                              PLAINTIFF

v.

UNITED STATES OF AMERICA and
CITY OF OAK GROVE, KENTUCKY                                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Reconsider Order Dismissing for Lack of Subject Matter Jurisdiction Under Quiet Title Act (Docket #22). The government has responded (Docket 24). Plaintiff has replied (Docket #26). This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion is DENIED.

## BACKGROUND

Plaintiff Patricia Fuqua is the owner of a 53.01 acre tract of land located below a new flight path into the Fort Campbell airport in Christian County, Kentucky. On December 14, 2007, the government filed an action pursuant to Federal Rules of Civil Procedure 71A, seeking to condemn certain portions of that land. *See United States v. 20.67 Acres, et al.*, No. 5:07-cv-00207. On December 21, 2007, the Court issued an order condemning the property and ordering possession of said property to be immediately surrendered, to the extent of the estate condemned as described in the Declaration of Taking filed by the government. The Declaration of Taking described the estate taken as a "perpetual and assignable easement required by the government, within the land area, that comprises the Approach-Departure Clearance Surface for the establishment, maintenance, operation of a restrictive use area for the operation of aircraft to and from the airfield known as Campbell Army Airfield." The amount of compensation owed to

Plaintiff has yet to be determined by a jury.

Plaintiff filed this action on December 21, 2009, seeking a declaration of rights and injunctive relief. Plaintiff argues that two of the restrictive covenants imposed by the easement require further explanation or definition. Those two restrictions grant the Army the following rights:

> (5) To regulate or prohibit light emissions, either direct or indirect (reflective) and ambient, which might interfere with pilot vision.
>
> (6) To prohibit electrical or radio emissions which would interfere with aircraft and aircraft communications systems, aircraft navigational equipment or Air Traffic Control communication and radar systems.

Declaration of Taking, *United States v. 20.67 Acres, et al.*, No. 5:07-cv-00207, p. 7. Plaintiff alleges that because no objective standard exists by which to judge the limitations of these two restrictions, Plaintiff remains unaware of the extent of the United States' interest in her property. Because of this ambiguity, Plaintiff asserts she has clouded title and cannot make full use of her property.

On March 26, 2010, the government filed a partial motion to dismiss Counts I, II, and III of Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3). The Court entered an Order on May 11, 2010, dismissing Counts I, II, and III for lack of subject matter jurisdiction. Plaintiff now asks the Court to reconsider that Order.

## DISCUSSION

Plaintiff believes the Court's Memorandum Opinion misconstrues Plaintiff's position, in that Plaintiff is not seeking to "expand" the government's avigation easement, but rather to remove a cloud on her title. Plaintiff also presents additional case law to the Court, which Plaintiff believes supports her position and allows this Court to exercise jurisdiction.

First, the Court notes that Plaintiff unduly focuses on the use of the word "expand" in the Court's Memorandum Opinion. The Court possibly could have used better wording to avoid any misunderstanding. The Court, in explaining that the parties were not disputing title or ownership, simply stated, "Plaintiff wants the Court to expand the government's rights to include restrictions on *all* light, electrical, and radio emissions." (Mem. Op. p. 7.) The use of the word "expand" is not as significant as Plaintiff makes it out to be, as the Court could easily have used the word "reword" to convey the same meaning. Plaintiff wants the Court to reword the restrictions contained within the easement. The restrictions prohibit light emissions which might interfere with a pilot's vision and prohibit electrical or radio emissions which would interfere with aircraft and aircraft communications systems, aircraft navigational equipment or Air Traffic Control communication and radar systems. The restrictions are not ambiguous. Obviously, at trial in the condemnation proceeding, there may be expert testimony as to what type of light emission might interfere with pilot vision or what types of electrical or radio emissions would interfere with aircraft communication, navigation and radar systems. It is not unusual for restrictions to require some interpretation and often be the subject of expert testimony as to what type of activity is prohibited. With some restrictions there is often testimony of types of business activity that may be prohibited by the restrictions. This is the nature of restrictive covenants and condemnation proceedings.

Plaintiff next urges the Court to adopt the reasoning of *Burdess v. United States*, 553 F. Supp. 646 (E.D. Ark. 1982). In *Burdess*, the plaintiff brought an action to acquire an easement over lands acquired by the United States through condemnation proceedings. *Id.* at 648. The district court held that jurisdiction existed under the Quiet Title Act ("QTA") because claims for

3

easements or other estates less than fee simple may be proper quiet title actions. *Id.* at 648-49. This Court acknowledges that jurisdiction may exist under the QTA for easements. However, the present case varies significantly from *Burdess*. The plaintiff in *Burdess* explicitly sought a particular easement to cross condemned land in order to reach his other property. *Id.* at 648. In this case, Plaintiff is not asserting any right or interest in real property. *See* 28 U.S.C. § 2409a(d) (Under the QTA, "[t]he complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property . . . ."). Rather, Plaintiff asks the Court to reword restrictions in the easement.

Plaintiff also cites extensively to *Robinson v. United States*, 586 F.3d 683 (9th Cir. 2009). In *Robinson*, the Ninth Circuit held that "a suit that actually challenges the federal government's title, however denominated, falls within the scope of the QTA regardless of the remedy sought." *Id.* at 688. In examining the legislative history of the QTA, the Ninth Circuit found that Congress intended the QTA to encompass more than simply a "quiet title" action. *Id.* at 687. "[I]nstead Congress was more generally concerned with interests that 'cloud title,' i.e., interests that raise questions that may *affect* the claim of title and pose problems in the future." *Id.* (emphasis in original).

The problem with Plaintiff's reliance on *Robinson* is the Ninth Circuit's analysis directly conflicts with the Sixth Circuit's statements in *Saylor*, which this Court is bound to follow. In *Saylor*, the Sixth Circuit expressly states, "We see no reason to engage in an examination of the Act's legislative history or policy preferences when the plain text of the Act clearly limits its scope to adjudications in which the title or ownership of real property is in doubt." *Saylor v. United States*, 315 F.3d 664, 670 (6th Cir. 2003). "The QTA's plain language covers only cases

4

in which title itself is disputed." *Id.*

Further, Plaintiff's claim does not necessarily qualify as a "cloud" on title. "[A] valid claim, which may be enforced in law or in equity, does not cast a cloud on title." 74 C.J.S. *Quieting Title* § 12 (2010)*; see, e.g.*, *Bache v. Owens*, 929 P.2d 217, 222 (Mont. 1996) (no cloud on title where defendants did not just claim an easement, but had a declared valid easement). There is no question that the United States has a valid claim, as determined in the condemnation proceeding. "Furthermore, where both parties are claiming under the same instrument, and the question is purely one of construction, no case is presented for the removal of a cloud on the title." 74 C.J.S. *Quieting Title* § 12 (2010); *see also Ecton v. Smith*, 6 Ky. L. Rptr. 216, 1884 WL 7140 (Sept. 27, 1884). The Court views Counts I, II, and III as seeking rewording of the restrictions in the easement, not as attempts to quiet title.

As a final matter, Plaintiff requests that the ambiguity of the easement restrictions be addressed in the condemnation action (No. 5:07-cv-207). Plaintiff is correct in noting that the Court does not have jurisdiction to entertain counterclaims in a condemnation proceeding. *See United States v. 38.60 Acres of Land*, 625 F.2d 196, 199 (8th Cir. 1980). In addition, "[a] court may not change the extent of a taking." *Id.* However, the Court "is empowered to ascertain the accuracy with which the interests sought to be acquired are described, to award compensation accordingly, and to award damages for diminution in value of land contiguous to the land taken (that is, severance damages)." *Id.* Severance damages are appropriate when "a taking diminishes the value of the land that remains . . . ." *United States v. 6.24 Acres of Land*, No. 95-3183, 99 F.3d 1140, *4 (6th Cir. 1996) (table). This includes any apprehension the easement restrictions might create for future buyers. See *United States ex rel. TVA v. Easement and Right*

*of Way*, 405 F.2d 305, 309 (6th Cir. 1968); *accord United States v. 760.807 Acres of Land*, 731 F.2d 1443, 1447 (9th Cir. 1984) ("[I]f fear of a hazard would affect the price a knowledgeable and prudent buyer would pay to a similarly well-informed seller, diminution in value caused by that fear may be recoverable as part of just compensation."). Thus, Plaintiff is entitled to address these issues in her presentation of evidence in the condemnation proceeding.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration is DENIED.