UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-212

PATRICIA FUQUA                                                                                          PLAINTIFF

v.

UNITED STATES OF AMERICA and
CITY OF OAK GROVE, KENTUCKY                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion for Summary Judgment on Count VI of Second Amended Complaint (Docket #27). Defendant City of Oak Grove, Kentucky has responded (Docket #34). Plaintiff has replied (Docket #35). The Court requested additional briefing from the parties (Docket #39, 40, 41). This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion is DENIED.

## BACKGROUND

Plaintiff Patricia Fuqua is the owner of a 53.01 acre tract of land located below a new flight path into the Fort Campbell airport in Christian County, Kentucky. On December 14, 2007, the government filed an action pursuant to Federal Rules of Civil Procedure 71A, seeking to condemn certain portions of that land. *See United States v. 20.67 Acres, et al.*, No. 5:07-cv-00207. On December 21, 2007, the Court issued an order condemning the property and ordering possession of said property to be immediately surrendered, to the extent of the estate condemned as described in the Declaration of Taking filed by the government. The Declaration of Taking described the estate taken as a "perpetual and assignable easement required by the government, within the land area, that comprises the Approach-Departure Clearance Surface for the establishment, maintenance, operation of a restrictive use area for the operation of aircraft to and

from the airfield known as Campbell Army Airfield." The amount of compensation owed to Plaintiff has yet to be determined by a jury.

Plaintiff filed this action on December 21, 2009, seeking a declaration of rights and injunctive relief in regards to her property and the avigation easement. Plaintiff now seeks summary judgment on Count VI of Plaintiff's Second Amended Complaint. Count VI alleges that Defendant City of Oak Grove, Kentucky's Ordinance No. 2007-18 is invalid on a number of constitutional grounds. Plaintiff asks the Court to find that Count VI is facially invalid under the Kentucky Constitution. The Court now considers this issue.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for

summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

Plaintiff challenges Ordinance No. 2007-18 which pertains to the lighting standards of the City of Oak Grove, and the City's efforts to encourage compatible land use between the City and Fort Campbell. Section III of the Ordinance states:

> The owner or owners of a tract of land within the lighting review area shall submit to the Oak Grove Planning Office a site plan for the development and use of such tract meeting the requirements set forth in Article 6B of the Oak Grove Zoning Ordinance. Subdivisions shall comply with the Oak Grove Subdivision Guidelines.
>
> A lighting plan shall be included as part of the required site plan submittal or subdivision construction drawings which shall contain but not be limited to the following:
>
> a.  The location of the site where the outdoor light fixtures will be installed;
> b.  Plans indicating the location on the premises of each outdoor light fixture, both proposed and any already existing on the site, and the types of outdoor light fixtures;
> c.  A description of the outdoor light fixtures including but not limited to manufacturer's catalog cuts and drawings;
> d.  If any subdivision proposes to have installed street or other common or public area outdoor lighting, a lighting plan shall also be submitted for all such lighting.
>
> For any property that contains restrictive avigational easements owned by the United States of America, the owner or owners shall also submit a copy of the lighting plan to Fort Campbell, or its agent, and obtain their written approval before any building permits shall be issued by the City of Oak Grove.

Ordinance No. 2007-18, Section III, Docket #27-2, p. 3. Plaintiff specifically challenges the

3

constitutionality of the last paragraph of Section III, which requires property owners to seek written approval from Fort Campbell if there is a restrictive avigation easement on that property. Plaintiff argues that this paragraph is an unlawful delegation and permits arbitrary discretion on the part of authorities.

Section 2 of the Kentucky Constitution states: "Absolute and arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic, not even in the largest majority." KY. CONST. § 2. Section 2 is "generally understood as a due process provision whereby Kentucky citizens may be assured of fundamentally fair and unbiased procedures." *Smith v. O'Dea*, 939 S.W.2d 353, 357 (Ky. Ct. App. 1997). Kentucky case law has applied Section 2 to declare city ordinances invalid. *See, e.g.*, *Colyer v. City of Somerset*, 208 S.W.2d 976, 977 (Ky. 1948). "[A]n ordinance which lays down no requirements to be followed and no general and uniform rule is invalid because it leaves the granting of such a thing as a building permit to the sometimes arbitrary discretion of municipal authorities." *Id.*

Defendant City of Oak Grove acknowledges that Ordinance No. 2007-18 does not set out the standards for approval or denial of permits, but directs the Court to Ordinance No. 2001-25 and the City of Oak Grove Zoning Ordinance. Defendant argues that these two ordinances contain the objective standards that support the constitutionality of Ordinance No. 2007-18. The question becomes whether the City of Oak Grove has unconstitutionally delegated power to Fort Campbell. *See, e.g.*, *Turner v. Peters*, 327 S.W.2d 958, 959 (Ky. 1959) (where Mayor was given discretion to approve or disapprove location of junk yard without standards, Kentucky Supreme Court held that licensing ordinance was "an unconstitutional delegation of power and a clear infringement of Section 2 of the Kentucky Constitution").

After carefully reviewing Ordinance No. 2007-18, the City of Oak Grove Zoning Ordinance, Ordinance No. 2001-25, and the language of the U.S. Army's avigation easement, the Court concludes that the last paragraph of Section III of Ordinance No. 2007-18 is constitutional under Section 2 of the Kentucky Constitution. Although both parties state otherwise, the Court finds clear objective standards set out in Ordinance No. 2007-18, Section II, parts (a) through (g). For example, Section II(c) clearly states that lighting in parking lots shall not exceed 40 feet in height. Additional objective standards on lighting, dependent on the type of structure being built, are set forth in various sections of the City of Oak Grove Zoning Ordinance. Approval of a site plan is "based on compliance with the criteria listed above [in section 6B] and standards found within [the Zoning Ordinance]." City of Oak Grove Zoning Ordinance, Docket #39-1, p. 56. The Court finds that these standards and guidelines are sufficient to satisfy due process. Therefore, as to the City of Oak Grove, there is no arbitrary discretion that would violate Section 2 of the Kentucky Constitution.

The true point of contention is whether such standards are also applicable to Fort Campbell. There is nothing in the produced materials that indicates that Fort Campbell is bound by the City of Oak Grove's standards in issuing its written approval. Whether the statement requiring Fort Campbell's written approval is considered a delegation of authority by the City, however, is called into question by the Court. In consideration of this issue, the Court looks to the ordinance's language.

The Court must "'interpret the [ordinance] according to the plain meaning . . . and in accordance with its intent.'" *Lafayette Football Boosters, Inc. v. Ky.*, 232 S.W.3d 550, 555 (Ky. Ct. App. 2007) (quoting *Commonwealth of Ky. v. Garnett*, 8 S.W.3d 573, 575 (Ky. Ct. App.

5

1999)). "If, however, the language of the ordinance is ambiguous and its meaning unclear, [the Court considers] . . . the whole statute and the purpose to be accomplished." *Id.* (citing *Dep't of Motor Transp. v. City Bus Co.*, 252 S.W.2d 46, 47 (Ky. 1952)). The Court finds that the language of the last paragraph of Section III is unclear as to the purpose and meaning of Fort Campbell's "approval."

The language of Section III does not indicate that Fort Campbell's written approval releases the City of Oak Grove of its own duty to review a lighting plan. Rather, Fort Campbell's approval appears to be a prerequisite to the City's consideration of a proposed lighting plan for properties burdened by a restrictive avigational easement. The City must still conduct its own review, as evidenced by Section III's language: "the owner or owners shall *also* submit a copy . . . to Fort Campbell" and "obtain their written approval *before* any building permits shall be issued *by the City of Oak Grove*."

According to the United States's easement on Plaintiff's property, the government is given the right "[t]o regulate or prohibit light emissions, either direct or indirect (reflective) and ambient, which might interfere with pilot vision." Declaration of Taking, Docket #4-6, p. 2. Ordinance 2007-18 is intended to encourage "compatible land use between military operations and local land developments." A rational reading of the last paragraph of Section III suggests that Fort Campbell is first given the ability to exercise its rights under the easement prior to the City of Oak Grove issuing a permit. This process avoids problems that could arise if a permit were issued, building commenced, and Fort Campbell thereafter objected to the lighting plan. In light of the entire ordinance and the intent of the City of Oak Grove, the Court believes this is a reasonable interpretation.

6

Accordingly, the Court finds that the last paragraph of Section III of Ordinance No. 2007-18 is not an unconstitutional delegation of power. The City of Oak Grove must approve or disapprove a lighting plan and decide whether to issue a permit in every case. For those proposed lighting plans relating to property containing a restrictive avigational easement, Fort Campbell must first provide written approval, as the avigational easements grant the government certain rights related to lighting. Thereafter, the City still conducts its own review. All City reviews are conducted with reference to the standards set out in Ordinance No. 2007-18 and the Zoning Ordinance. Therefore, the City's decisionmaking is not arbitrary.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment on Count VI of Second Amended Complaint is DENIED.