UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-212

PATRICIA FUQUA                                                                                              PLAINTIFF

V.

UNITED STATES OF AMERICA and
THE CITY OF OAK GROVE                                                                           DEFENDANTS

### MEMORANDUM OPINION & ORDER

Plaintiff Patricia Fuqua has filed a Motion to Strike and/or Amend Scheduling Order (DN 64). Defendant has filed a response (DN65). Plaintiff has filed a reply (DN 66). For the following reasons, Plaintiff's Motion to Strike is GRANTED IN PART.

### BACKGROUND

Plaintiff filed her third amended complaint on January 10, 2011 for a declaration of rights as to ownership of a strip of land upon which the Defendant United States operates a railroad and as to whether Naomi Lane is a public road. Pursuant to the Court's Scheduling Order, the Defendants were to identify its experts by March 2, 2011 and complete discovery by April 15, 2011. The United States designated Scott Vaughan, a civil engineer, as its expert witness in February 2011. Subsequently, Vaughan supplemented his expert report on June 8, 2011.

In a motion for summary judgment, the United States disclosed three additional witnesses on May 2011. These witnesses include (1) Scott Giller, a land surveyor for the Corps of Engineers; (2) George F. Williamson III, a real estate attorney for the Corps of Engineers who handled the acquisition of the railroad property; and (3) James Gilkey, a federal employee who oversees all maintenance for Fort Campbell's railroad system. The parties agreed that Scott Giller is being offered as an expert concerning the metes and bounds described in the deeds of

the United States' right of way and the adjoining Fuqua property.  The parties disagree as to whether Williamson is being offered as an expert.  In Williamson's declaration, Williamson states that the United States, by deed, acquired "the fee interest in the railroad property, including all improvements."  It is undisputed that Gilkey is a fact witness.

Plaintiff requested to reopen discovery on June 6, 2011 in order to depose the United States' expert Vaughan and  to complete discovery of representatives of the Army Corps of Engineers.  The Court extended discovery until September 10, 2011 and ordered that Plaintiff have until September 30, 2011 to file any responsive memorandum to the United States' pending motion for summary judgment.  Plaintiff was able to depose Williamson and Giller on August 10, 2011 and chose not to depose Gilkey.  Plaintiff then filed this Motion to Strike and/or Amend Scheduling Order that same day.

## STANDARD

Federal Rule of Evidence 26(a)(2)(D) provides that parties must make their expert disclosures at the times and in the sequence that the court orders. "[I]f the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party" and there is no court order or stipulation with respect to the disclosure at issue, then the disclosure must be made "within 30 days after the other party's disclosure."  Fed. R. Civ. P. 26(a)(2)(D)(ii).  Additionally, Rule 26(e) requires parties to supplement their disclosures in a timely manner if the party learns that some material respect of the disclosure is incomplete or incorrect.  Rule 37(c)(1) further provides that a failure to provide information as required by Rule 26(a) or (e) results in the inability of that party to "use the information or witness to supply evidence on a motion, at a hearing, or at trial" unless that failure was harmless or substantially justified.

## DISCUSSION

Plaintiff seeks an order striking the United States' three witnesses disclosed in its motion for summary judgment—Mr. Giller, Mr. Williamson, and Mr. Gilkey—because disclosure was untimely. In the alternative, Plaintiff seeks a revision of the current scheduling order to permit the testimony of her designated rebuttal expert witness, Mr. Keith Biggerstaff, as well as that of all of the United States' witnesses. The plaintiff believes that this is the "most common sense approach." The Court agrees. The United States has only partially opposed this approach, seeking to limit the scope of Mr. Biggerstaff's rebuttal testimony to Mr. Giller's expert testimony, which relates to the metes and bounds description of Plaintiff's property.

The United States believes that the scope of any rebuttal testimony should not extend to Mr. Vaughan's expert testimony because such disclosure would be untimely. The opinion of the United States' other expert, Mr. Vaughan, initially was disclosed in February of 2011. However, Mr. Vaughan's expert opinion was then supplemented June 8, 2011. Plaintiffs were prepared to depose Mr. Vaughan on August 5, 2011 but the deposition was postponed at the last minute by Mr. Vaughan. This led to an extension of the time to complete discovery until September 10, 2011. For these reason, it is understandable that Plaintiffs have yet to offer a rebuttal expert witness to Mr. Vaughan. Furthermore, Plaintiff's counsel disclosed that Mr. Biggerstaff would be presenting rebuttal testimony with respect to both Mr. Giller and Mr. Vaughan in a July 27, 2011 letter. Plaintiff's delay in disclosing the rebuttal testimony of Mr. Biggerstaff is both substantially justified and harmless. Accordingly, Plaintiff will be allowed to present rebuttal testimony as to the expert opinion of Mr. Giller and the expert opinion of Mr. Vaughan. The United States will be permitted an opportunity to depose the plaintiff's rebuttal expert witness.

Additionally, the Court will not strike the testimony of the three witnesses—Mr. Williamson, Mr. Giller, and Mr. Gilkey— disclosed in the United States' motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike and/or Amend Scheduling Order is GRANTED IN PART.